UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARY C. STINSON                                     CIVIL ACTION NO. 14-0563

VERSUS                                              JUDGE S. MAURICE HICKS, JR.

DOLGENCORP, LLC                                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss for Failure to Comply with a Court Order (Record Document 12) filed by Defendant Dolgencorp, LLC ("Dollar General"). The motion was filed pursuant to Federal Rules of Civil Procedure 41(b) and 37(b). See id. Dollar General also seeks reasonable attorney fees and costs for having to file the instant motion. See id. To date, the motion is unopposed.

Background

This suit was originally filed in state court on December 23, 2013. See Record Document 1-2. Dollar General timely removed the matter to this Court and a scheduling conference was held on April 30, 2014. See Record Documents 1 & 8. A scheduling order was entered and the case was set for jury trial on March 16, 2015. See Record Document 9.

The scheduling order set forth discovery deadlines. See id. After Plaintiff Mary C. Stinson ("Stinson") failed to comply with many of those deadlines, Dollar General filed a Motion to Compel Stinson's discovery responses and witness list. See Record Document 10. On August 15, 2014, this Court issued an Order granting Dollar General's Motion to Compel and ordered Stinson's discovery responses and witness list be produced within 7 days of the date of the Order. See Record Document 11. To date, Dollar General has not received

Stinson's discovery responses or witness list. Dollar General filed the instant motion on September 8, 2014, seeking dismissal of Stinson's case for failure to prosecute and for failure to comply with court orders. See Record Document 12.

On October 7, 2014, this Court issued a minute entry setting a show cause hearing. See Record Document 14. The minute entry provided, in pertinent part:

> At the hearing, Plaintiff shall show cause why her lawsuit should not be dismissed for failure to comply with the court's discovery order and scheduling order. Alternatively, in lieu of appearing at the show cause hearing, Plaintiff may notify the court no later than October 22, 2014 that she wishes to dismiss her lawsuit voluntarily.

Id. Stinson did not notify the Court that she wished to dismiss her lawsuit voluntarily. See Record Documents 15 & 16. Neither Stinson nor her counsel appeared at the show cause hearing set on October 29, 2014. See id. At the conclusion of the hearing, Magistrate Judge Hornsby recommended that Stinson's case be dismissed. See id. Counsel for Dollar General orally moved for attorney fees and expenses for having to appear at the show cause hearing.

Legal Analysis

Rule 16(f) provides for the imposition of sanctions for violations of scheduling and pretrial orders of the court as follows:

> (f)　Sanctions.
>
> (1)　In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> > (A)　fails to appear at a scheduling or other pretrial conference;
> >
> > (B)　is substantially unprepared to participate – or does not

>    participate in good faith – in the conference; or
>
> (C)    fails to obey a scheduling or other pretrial order.

Under Rule 37(b)(2)(A)(v), the district court is specifically authorized to dismiss a claim. See F.D.I.C. v. Conner, 20 F.3d 1376, 1380 (5th Cir.1994). Rules 16 and 37 set forth the court's discretionary power to control the expeditious disposition of docketed cases. See Gayden v. Galveston County, Texas, 178 F.R.D. 134 (S.D.Tx.1998).

In addition, Federal Rule of Civil Procedure 41(b) authorizes dismissal of a claim with prejudice for failure to prosecute or for failing to comply with a court order. Such dismissal may be pursuant to a defense motion or upon the court's own motion. See Colle v. Brazos County, Texas, 981 F.2d 237, 242-243 (5th Cir.1993), citing Lopez v. Aransas County Ind. Sch. Dist., 570 F.2d 541, 544 (5th Cir.1978); Link v. Wabash R.R. Co., 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389 (1962). The authority for such dismissal is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190 (5th Cir.1992); Colle, 981 F.2d at 242-243. The dismissal will be upheld on appeal unless it can be said that the court abused its discretion. See Colle, *supra*.

Dismissal with prejudice for failure to prosecute is an extreme sanction, to be used only when the plaintiff's conduct has threatened the integrity of the judicial process in a way that leaves the court no choice but to deny the plaintiff its benefits. See Berry, 975 F.2d at 1191; Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir.1982). Dismissal with prejudice is appropriate only where: (1) there is a clear record of delay or contumacious conduct by the plaintiff; and (2) the court has expressly determined that lesser sanctions would not prompt

diligent prosecution, or the record shows that the court employed lesser sanctions which proved to be futile. See Colle, 981 F.2d at 237. In most cases, where the Fifth Circuit affirmed dismissal with prejudice, the court found at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant, or (3) delay caused by intentional conduct. See id.

As detailed above, Stinson has been inactive in pursuing her claim since filing the lawsuit. She has not issued any written discovery and she has not sought to take any discovery depositions. She has failed to comply with court orders, even after several chances to comply. She failed to appear at the show cause hearing. Dollar General's defense has been prejudiced because it has not been able to review Stinson's discovery responses, depose her, issue the necessary subpoenas, depose the necessary doctors and/or retain the necessary experts to prepare its defense for the March 2015 trial. Thus, this Court finds that dismissal of Stinson's claims with prejudice is appropriate. The Court also finds that reasonable attorney fees and costs associated with the filing of the Motion to Dismiss and for defense counsel having to appear at the show cause hearing are warranted in this instance.

Conclusion

Based on the foregoing analysis, Defendant Dolgencorp, LLC's Motion to Dismiss for Failure to Comply with a Court Order (Record Document 12) is **GRANTED**. All of Stinson's claims are **DISMISSED WITH PREJUDICE** for failure to prosecute and for failure to comply with court orders. Defendant Dolgencorp, LLC is further entitled to reasonable attorney fees and costs associated with the filing of the Motion to Dismiss and appearing at the show cause hearing.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of November, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE